UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3183-BO

| | |
|---|---|
| JAMES EDWARD COOMBS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| NURSE LEWIS, et al.,<br>    Defendants. | )<br>) |

On August 1, 2013, plaintiff, a pre-trial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." A claim is frivolous where it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The matter shall be allowed to proceed.

Additionally, plaintiff seeks a temporary restraining order [D.E. 3 and 7]. Coombs states that he suffers from serious medical conditions and that due to his request for medical care based on these serious health concerns, the situation has become volatile and unbearable. Id. He contends that on one occasion he was assaulted, and that over the period of time he was also not served his food on three separate occasions. Id. He contends that he believes the guards behavior is because of his requests for medical care. Id.

The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Coombs has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Accordingly, the Clerk is DIRECTED to maintain management of the case. The motion for a temporary retraining order is DENIED [D.E. 3 and 7].

SO ORDERED, this the 22 day of October 2013.

TERRENCE W. BOYLE
United States District Judge